PARTICIPATION BY DISTRICT ATTORNEY IN PROCEEDINGS FOR INVOLUNTARY ADMISSION TO MENTAL INSTITUTION 43A O.S. 55.1 [43A-55.1] (1970) provides for participation by the District Attorney upon proceedings for Court Certification, and does not purport to authorize the District Attorney to file petitions for involuntary admission to mental institutions. Title 43A O.S. 55 [43A-55] (1961) does not include the District Attorneys in those persons enumerated that may file petitions with the Court, and it does not appear that the District Attorney has the authority to file such petition. The office of the District Attorney shall participate in involuntary admissions to mental institutions at such time as the proceedings involve hearings on Court Certification, but not prior to that time. The Attorney General has had under consideration your letter requesting an Attorney General's opinion. In the letter and by subsequent phone conversation you indicate that a 1970 Legislative Act has imposed the duty upon the District Attorneys to represent the State of Oklahoma in proceedings for involuntary admissions to mental institutions. With respect to this Act you have asked the following questions: 1. "Under 43A O.S. 55.1 [43A-55.1] (1970) is the District Attorney's Office required to prepare and file the petition for involuntary admission to a mental institution?" 2. "Under this section when does the District Attorney's Office participate in the proceedings?" Title 43A O.S. 55.1 [43A-55.1] (1970) provides: "The District Attorneys shall represent the people of the State of Oklahoma and prepare and prosecute all proceedings for involuntary admissions on Court Certifications as considered in Paragraph 54 and 55 in Title 43A." Admissions to mental institutions are covered generally in 43A O.S. 51 [43A-51] through 43A O.S. 65 [43A-65] (1961). (Sections) 54 and 55 of Title 43A as referred to in 55.1, supra, deals specifically with involuntary admissions to mental institutions. Title 43A O.S. 55 [43A-55] (1961) provides: "The father, mother, husband, wife, brother, sister, or child, over the age of eighteen (18) years of a person allegedly to be mentally ill, or the Sheriff, superintendent or physician in charge of any hospital or institution for the care and treatment of the mentally ill, or mentally retarded, or any peace officer within the county in which the alleged mentally ill person resides or is a patient or may be, may petition the county court, upon which is hereby conferred jurisdiction, or the judge thereof, of any county for an order directing the admission of said person to a hospital or institution for the care of the mentally ill, such petition to contain a statement of the effects upon which the allegation of mental illness is based and the cause of which the application for the order is made. . . ." Examination of this statute shows that it was the Legislature's intent to allow a variety of interested persons to file a petition with the "County Court" (now District Court) for the purpose of an involuntary admission to a mental institution. Section 55.1, supra, does not amend, repeal, or in any manner change the ability of those persons set forth in Section 55, supra, to file a petition with the Court. It is noted that Section 55, supra, does not make provisions for the Office of the District Attorney to file such petition. Title 43A O.S. 54 [43A-54] (1961) provides generally for the appointment by the Court of a sanity commission consisting of two doctors and a lawyer for the subsequent examination of the allegedly mentally ill person. After the Commission has made its examination and is ready to report to the Court, provisions are made for a hearing on Court Certification of the person as being mentally ill. Provisions are also made within the statute for a jury trial if requested. In reading Sections 43A O.S. 54 [43A-54], 43A O.S. 55 [43A-55] and 43A O.S. 55.1 [43A-55.1] [43A-55.1] of Title 43A together, it appears that the Legislature intended for the District Attorneys to participate in the proceedings on Court Certifications. Once a petition has been filed under the provisions of Section 55, supra, and the sanity commission has been appointed and made their examination under the provisions of Section 54, supra, then it becomes incumbent upon the office of the District Attorney to appear for the hearing on Court Certification and represent the people of the State of Oklahoma. It is the opinion of the Attorney General that the answer to your first question is in the negative. That 43A O.S. 55.1 [43A-55.1] (1970) provides for participation by the District Attorney upon proceedings for Court Certification, and does not purport to authorize the District Attorney to file petitions for involuntary admission to mental institutions. As 43A O.S. 55 [43A-55] (1961) did not include the District Attorneys in those persons enumerated that may file petitions with the Court, it does not appear that the District Attorney has the authority to file such petition. It is the opinion of the Attorney General that the answer to your second question is that the office of the District Attorney shall participate in involuntary admissions to mental institutions at such time as the proceedings involve hearings on Court Certification, but not prior to that time. (Paul C. Duncan) ** SEE: OPINION NO. 77-241 (1977) **